CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 06 2017

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROAONKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. 7:05CR00102-01 |
| | ) (CASE NO. 7:16CV81213) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| COBEY D. WEBB, | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

Cobey D. Webb, a federal inmate proceeding pro se, filed this motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255. Upon review of the motion and court records, the court concludes that the § 2255 motion must be dismissed as successive.

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See § 2255(h). Court records indicate that Webb previously filed a § 2255 motion concerning this same conviction and sentence. See, e.g., United States v. Webb, Case No. 7:05CR00102-01/7:09CV80174, 2009 WL 2992563 (W.D. Va. Sept. 28, 2009) (dismissing § 2255 motion as untimely and without merit), appeal dismissed, 378 F. App'x 321, 2010 WL 2000988 (4th Cir. May 20, 2010). Webb offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion.[1] Based on

---

[1] In fact, the record reflects that the Fourth Circuit has twice denied Webb's applications to file a successive § 2255 motion.

this record, the court must summarily dismiss this § 2255 motion without prejudice as successive.[2] A separate order will be entered this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This _6th_ day of January, 2017.

_____

Chief United States District Judge

---

[2] In October 2016, the court granted Webb's motion to correct a clerical error on the judgment, and an amended judgment was entered. Webb argues that his current § 2255 motion is timely under 28 U.S.C. § 2255(f)(1), because he filed the motion within one year from the entry of the amended judgment. Webb does not offer any viable reason, however, for allowing him to file a second or successive § 2255 motion in this court without first obtaining certification from the court of appeals to do so.

2